VIRGIL S. LUSK, Assignee *v.* P. F. PATTON.

A claim for services alleged to be illegal, when once adjusted and allowed by the parties in a settlement, cannot be set aside for its alleged illegality, when presented by defendant as a set off to the demand of the plaintiff's assignee.

(*Commissioners of Catawba* v. *Setzer*, ante, 426, cited and approved.)

CIVIL ACTION, motion to confirm a report of certain referees, tried before *Albertson, J.*, at the Special (July) Term, 1873, of BUNCOMBE Superior Court.

At Spring Term, 1872, the matter in controversy being an account against the defendant due the firm of B. J. & J. B. Alexander, of whom the plaintiff is assignee in bankruptcy, was referred by order of the Court to E. J. Aston and A. T. Summey, who, at the Special (August) Term, 1873, made a report.

Upon the coming in of the report, the plaintiff excepted to it, assigning as grounds,

1. That it is grossly inaccurate and erroneous, and not responsive to the issues raised by the pleadings;

2. That the services rendered, upon which the counter claim endeavored to be set up by the defendant, is founded, were illegal, and that payment thereof cannot be enforced either in this or any other proceeding :

---

---

3. That the referees do not specify, either when or where a subsequent settlement was made;

4. That said report is vague, uncertain in its conclusions of facts, and contrary to law.

The defendant moved for a confirmation of the report, (the material points in which are stated in the opinion of the Court,) which motion his Honor refused; and sustaining the exceptions of the plaintiff, set aside the report.

From this judgment defendant appealed.

*J. H. Merrimon,* for appellant.

*A. T. & T. F. Davidson,* contra.

RODMAN, J. The order of reference is like that in *Lusk* v. *Clayton,* and what is said in that case as to it, and as to the effect of the award, is applicable here.

The defence is, that there were mutual accounts between the firm of Patton & Alexander and the defendant, which it was agreed should be set off against each other, and upon a settlement between the parties it was found that the firm was indebted to the defendant in a balance of $10. The award finds this defence true in fact, and a sufficient one in law.

As the Judge set the award aside, we feel bound to examine as briefly as possible, the reasons assigned in the exceptions to it. The first, third and fourth exceptions are either unfounded or have no weight.

The second is, because the claim of the defendant was for feeding and keeping the horses which the firm used for carrying the mails, under a contract with the Confederate Government. It is contended that this claim was illegal, and could not be recovered on.

We pass over the question whether the award, being general, the Judge had any right to review it it, either as to fact or law. We also pass over the question, whether the defendant could have recovered against the firm for keeping their horses. For, however these questions may be, it is clear that when the

firm *bona fide* paid the defendant's account by allowing it on a settlement, it was the same thing as if they had paid it in cash, and money paid under an illegal contract, cannot be recovered back. *Commissioners of Catawba* v. *Setzer, ante* 426 at this term, and authorities there cited.

PER CURIAM. Judgment reversed and judgment for defendant.